CINCINNATI TRACTION CO. v. DARWIN STEPHENS, ADMR.

1. ACTION FOR WRONGFUL DEATH OF CHILD—TESTIMONY OF FATHER AS TO VALUE OF CHILD'S SERVICES COMPETENT.

In an action for damages on account of the wrongful death of a minor child, the testimony of the father as to what the child would probably have been worth to himself and family is competent, after a recital as to the health and capacity of the child, his own resources, etc.

2. EVIDENCE—RE-EXAMINATION OF WITNESS AS TO PRIOR STATEMENTS COMPETENT TO REBUT RECENT FABRICATION.

After a cross-examination in which a recent fabrication has been imputed to a witness, a re-examination is competent as to prior statements by the witness.

3. CONTRIBUTORY NEGLIGENCE—CHARGE TO THE JURY.

In an action against a traction company for causing the death of a child, a charge to the jury that if the direct cause of the death was the negligence of the traction company's employes, the verdict should be for the plaintiff, and if it was the contributory negligence of the child, the verdict should be for the defendant, will be sustained in the absence of any allegation of contributory negligence in the answer or a request on the part of the defendant to charge that if the negligence of the deceased contributed to the injury there could be no recovery.

4. BILL OF EXCEPTIONS—SIGNATURE OF JUDGE IS EVIDENCE OF SETTLING' AS WELL AS OF ALLOWING.

Under Rev. Stat. 5302 (Lan. 8816)) as amended, the signature of the judge to a bill of exceptions is evidence of the settling, as well as of the allowing and signing of the bill.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Outcalt & Foraker** and **Smith Hickenlooper,** for plaintiff in error.

**E. S. Aston,** for defendant in error:

On motion to strike bill of exceptions from files. Revised Statutes 5190, 5301, 5302 (Lan. 8699, 8813, 8816); 97 O. L. 463; 96 O. L. 16; *Mudge* v. *Bank,* 56 Kan. 353 [43 Pac. Rep. 255]; *Keller* v. *Lewis,* 56 Cal. 466; *Adams* v. *Dohrmann,* 63 Cal. 417; *Sharon* v. *Sharon,* 79 Cal.

Hamilton County.

633 [22 Pac. Rep. 26]; *Girdner* v. *Beswick,* 69 Cal. 112 [10 Pac. Rep. 278]; *Richardson* v. *Eureka,* 96 Cal. 443 [31 Pac. Rep. 458]; *Montana Lumber & Produce Co.* v. *Howard,* 10 Mont. 296 [25 Pac. Rep. 1024]; *Gard* v. *Stevens,* 12 Mich. 9.

Evidence of damages resulting from death of child. *Cincinnati St. Ry.* v. *Altemeier,* 60 Ohio St. 10 [53 N. E. Rep. 300]; *Ashtabula Rapid Transit Co.* v. *Dagenbach,* 11 C. D. 307; *Rajnowski* v. *Railway,* 74 Mich. 20 [41 N. W. Rep. 847]; *Hurst* v. *Railway,* 84 Mich. 539 [48 N. W. Rep. 44]; *Nelson* v. *Railway,* 104 Mich. 582 [62 N. W. Rep. 993]; *Pennsylvania Co.* v. *Lilly,* 73 Ind. 252; Cooley, Torts Sec. 272 and note.

Pleading damages in general terms. 2 Kinkead, Code Pleadings 837.

Admissibility of prior consistent statement generally. 3 Enc. of Ev. 738; *Johnson* v. *Patterson,* 9 N. C. 183 [11 Am. Dec. 756]; *State* v. *Parish,* 79 N. C. 610; *Jones* v. *Jones,* 80 N. C. 246; *Lockwood* v. *Betts,* 8 Conn. 130.

Impeaching credibility of witness. *State* v. *Neverson,* 1 Mackey (D. C.) 152; *Cooke* v. *Curtis,* 6 Harr. & J. (Md.) 93; *Parker* v. *Gonzalus,* 1 Serg. & R. 147; *Wright* v. *Daklyne,* 1 Pet. C. C. 78; *State* v. *Hendricks,* 32 Kan. 559 [4 Pac. Rep. 1050]; *Brookbank* v. *State,* 55 Ind. 169; *Coffin* v. *Anderson,* 4 Blackf. 395; *Dailey* v. *State,* 28 Ind. 285; *People* v. *Vane,* 12 Wend. 78; *Jackson* v. *Etz,* 5 Cow. 314; *State* v. *George,* 8 Ired. (N. C.) 324 [49 Am. Dec. 392]; *Dossett* v. *Miller,* 35 Tenn. (3 Sneed) 72; *Lyles* v. *Lyles,* 1 Hill Ch. (S. C.) 76; *State* v. *Dennin,* 32 Vt. 158; *Commonwealth* v. *Wilson,* 67 Mass. (1 Gray) 337; *Henderson* v. *Jones,* 10 Serg. & R. 322 [13 Am. Dec. 676].

Corroborating credibility of witness. *State* v. *Dudoussat,* 47 La. Ann. 977 [17 So. Rep. 685]; *Bloomer* v. *State,* 48 Md. 521; *Hester* v. *Commonwealth,* 85 Pa. St. 139; Wigmore, Evidence Sec. 1129 and notes; Thompson, Trials Sec. 576; 3 Enc. of Ev. 736; 1 Greenleaf, Evidence (16 ed.) Sec. 469b, par. 5; Starkie, Evidence (10 ed.) Sec. 253; *Commonwealth* v. *Wilson,* 67 Mass. (1 Gray) 337; affirmed, *Commonwealth* v. *Jenkins,* 76 Mass. (10 Gray) 485; *Farrell* v. *Boston,* 161 Mass. 106 [36 N. E. Rep. 751]; *Craig* v. *Craig,* 5 Rawle 91; *Zell* v. *Commonwealth,* 94 Pa. St. 258, 273; *Baltimore City Pass. Ry.* v. *Knee,* 83 Md. 77 [34 Atl. Rep. 252].

Special charges. *Rolling Mill Co.* v. *Corrigan,* 46 Ohio St. 283 [20 N. E. Rep. 466; 3 L. R. A. 385; 15 Am. St. Rep. 596]; *Breckinridge* v. *Reagan,* 12 Circ. Dec. 50 (22 R. 71); *Cincinnati St. Ry.* v. *Snell,* 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276].

Traction Co. v. Stephens.

General charges. *Cincinnati St. Ry.* v. *Snell,* 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276]; *New York, L. E. & W. Ry.* v. *Harber,* 12 Circ. Dec. 652; *Pitts. C. C. & St. L. Ry.* v. *Moreland,* 12 Circ. Dec. 610; *Clev. C. C. & St. L. Ry.* v. *Ivins,* 12 Circ. Dec. 570.

Speed of cars. *Cincinnati St. Ry.* v. *Lewis,* 13-23 O. C. C. 127.

Negligence of children. *Cincinnati St. Ry.* v. *Wright,* 54 Ohio St. 181 [43 N. E. Rep. 688; 32 L. R. A. 340]; *Lake Erie & W. Ry.* v. *Mackey,* 53 Ohio St. 370 [41 N. E. Rep. 980; 29 L. R. A. 757; 53 Am. St. Rep. 640]; *Cincinnati Trac. Co.* v. *Blackson,* 27 Ohio St. 191; Booth, Street Ry. Sec. 382, p. 523.

Persons in dangerous positions. *Erie Ry.* v. *McCormick,* 69 Ohio St. 45 [68 N. E. Rep. 571].

Damages. *Cincinnati St. Ry.* v. *Altemeier,* 60 Ohio St. 10 [53 N. E. Rep. 300]; *Wolf* v. *Railway,* 55 Ohio St. 517 [45 N. E. Rep. 708; 36 L. R. A. 812]; *Cleveland, A. & C. Ry.* v. *Workman,* 66 Ohio St. 509 [64 N. E. Rep. 582; 90 Am. St. Rep. 602].

Damages after majority. *Cincinnati St. Ry.* v. *Altemeier,* 60 Ohio St. 10 [53 N. E. Rep. 300].

Further citations in reply brief. *Cincinnati St. Ry.* v. *Altemeier,* 60 Ohio St. 10 [53 N. E. Rep. 300]; *Rajnowski* v. *Railway,* 74 Mich. 20 [41 N. W. Rep. 847].

## GIFFEN, J.

The original action was commenced to recover damages for the death of Emily Stephens, nine years of age, occasioned through the alleged negligence of the Cincinnati Traction Company, in operating its cars at a crossing in a public highway. The defense, with the exception of certain formal admissions, was a general denial. The jury returned a verdict in favor of the plaintiff, on which judgment was entered.

The first alleged error consists in the admission of the testimony of Darwin Stephens, relative to the amount of damages that would be sustained by next of kin.

After testifying concerning the age, health and capacity of the child to work, the health of his wife, his own resources and other circumstances, he was permitted to state what his deceased daughter would probably have been worth to himself, his wife, and the brothers and sisters. The opinion of the witness, taken in connection with the facts mentioned, brings it within rules 4 and 5 stated in the case of *Railway* v. *Schultz,* 43 Ohio St. 270, 282 [1 N. E. Rep. 324; 54 Am. Rep. 805].

Hamilton County.

The next alleged error is in permitting the witness, Julia Nicholson, to testify upon re-examination as to her statements before the coroner, after a cross-examination which imputed to her the recent fabrication of statements made by her in the examination in chief.

In *Zell* v. *Commonwealth*, 94 Pa. St. 258, the fourth proposition of the syllabus is as follows:

"Where an attempt is made to discredit the statement of a witness, evidence is admissible to show that the witness made said statement at another time, to other parties to show that the statement is not a fabrication of recent date, and as bearing on the witness' credibility."

In the case of *Commonwealth* v. *Wilson*, 67 Mass. 337, the last proposition of the syllabus is as follows:

"A witness, who has been asked on cross-examination when ne was first inquired of by anyone concerning the facts of which he has testified in chief, may be asked on re-examination whether he had previously communicated the same facts to other persons."

We think there was no error in the re-examination of the witness.

The last alleged error consists in the court charging the jury that if the direct cause of the death of the child was, the negligence of the traction company's employes, the verdict should be in favor of the plaintiff; if it was the contributory negligence of the child, the verdict should be in favor of the defendant.

The objection to this charge made by counsel for plaintiff in error is, that a direct cause necessarily implies the only cause, and relies upon the case of *Pitts. Ft. W. & C. Ry.* v. *Krichbaum*, 24 Ohio St. 119, where the court say, at page 124:

"The jury was properly instructed: (1) That the plaintiff could not recover, unless it was shown that the defendant was guilty of negligence, and that such negligence 'caused' the injury; (2) that the plaintiff could not recover, if the deceased was guilty of negligence or want of care, and 'that produced' the injury.

"Neither of these instructions, however, indicated the rule by which the jury should be governed, in case they found the injury to have resulted from combined causes, to wit, the co-operation of negligent conduct on the part of both the defendant and the deceased."

The charge before us differs from that one in the use of the word "contributory," from which the jury may well have inferred that there must be some negligence on the part of the defendant to which the negligence of the decedent contributed. But whether that be so or not, the case cited is not applicable to this case, for the reason that the defendant in that case requested the court to instruct the jury that if

Traction Co. v. Stephens.

the negligence of the deceased contributed to the injury which caused his death, the plaintiff cannot recover although the defendant was guilty of negligence; whereas in this case no such request was made by the defendant nor was there any allegation in the answer of contributory negligence, and the most that defendant could have requested would be, "that if testimony introduced by the plaintiff raised the presumption of contributory negligence, the burden was upon him to remove such presumption." Not having made any request, and the charge given being proper insofar as it was given, there was no error. *Cincinnati Trac. Co. v. Forrest*, 73 Ohio St. 1.

Upon the motion to strike the bill of exceptions from the files, for the reason that it is nowhere certified that the bill of exceptions was settled, although objections thereto have been filed, Rev. Stat. 5302 (Lan. 8816), as amended in 96 O. L. 17, provides:

"It shall not be necessary to cause an entry to be made upon the journal of the court of the settling, allowance and signing of any bill of exceptions; but the signature of the trial judge, or other judge mentioned in Sec. 5301a [Lan. 8814], allowing, settling, and signing such bill, shall be sufficient evidence of such fact."

Under this section we hold that the signature of the judge to the bill of exceptions is evidence of the settling, as well as the allowing and signing of such bill.

The motion will be overruled, and the judgment affirmed.

**Jelke** and **Swing, JJ.,** concur.